UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ALICIA HOPPER,                                  :

              Plaintiff,              :

    -   against -                               :

                            :

BANANA REPUBLIC, LLC,                            :
BANANA REPUBLIC, INC., and                       :
THE GAP, INC.,                                   :

              Defendants.

------------------------------------------------------------x



**COPY**

Judge Pauley

**07 CIV 8526**

<u>NOTICE OF REMOVAL</u>

RECEIVED
OCT 02 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Defendants Banana Republic, LLC, Banana Republic, Inc., and The Gap, Inc. (collectively, "The Gap"), by and through their attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332 and 1441, file this Notice of Removal with respect to the case identified as <u>Alicia Hopper v. Banana Republic, LLC, Banana Republic, Inc., and The Gap, Inc.</u>, Index No. 20033/07 in the Supreme Court of the State of New York, County of Bronx. In support of this Notice, The Gap states as follows:

<u>Timeliness of Removal</u>

1.    The Gap was served with a copy of the Summons and Complaint on September 14, 2007, when they were received in the office of the New York Department of State. (A true and correct of the Summons and Complaint ("Complaint") is annexed hereto as Exhibit A.)

2.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), having been filed within thirty (30) days after service.

NY1 26484716.1

**Basis for Removal**

3.    The basis for removal is diversity of citizenship under 28 U.S.C. § 1332, in that:

(a)    on information and belief, Plaintiff Alicia Hopper is a citizen of the State of New York (Complaint ¶ 2);

(b)    Defendant The Gap, Inc. is a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business in the State of California;

(c)    Defendant Banana Republic, LLC, a subsidiary of The Gap, Inc., is a limited liability corporation organized under the laws of the State of Delaware with its headquarters and principal place of business in California;

(d)    Banana Republic, Inc. was dissolved on January 31, 2001; and

(e)    upon information and belief, as alleged in the Complaint, the amount in controversy herein is in excess of $75,000.00, exclusive of interest and costs.

4.    Because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000.00, this Court has jurisdiction over the case under the provisions of 28 U.S.C. § 1441(b).

5.    Venue lies in this District pursuant to 28 U.S.C. §§ 1441 and 1446(a). This action was brought originally in the Supreme Court of the State of New York, County of Bronx, and Plaintiff resides in the District (Summons).

6.    The Gap will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Bronx, to effect removal of this action pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, The Gap prays that the above-referenced civil action proceed in the United States District Court for the Southern District of New York as an action properly removed thereto.

2

Dated: October 2, 2007                 Respectfully submitted,

                                       SEYFARTH SHAW LLP

                                       By:
                                           Robert S. Whitman (RW 1140)
                                           Jeremi L. Chylinski (JC 3196)

                                       620 Eighth Avenue
                                       New York, New York 10018
                                       (212) 218-5500

                                       Attorneys for Defendants Banana Republic, LLC, Banana
                                       Republic, Inc., and The Gap, Inc.


TO:     Derek T. Smith
        Akin & Smith, LLC.
        305 Broadway, Suite 1101
        New York, New York 10007
        (212) 587-0760

        Attorneys for Plaintiff

EXHIBIT
A

*Rec'd CG-Legal*
*9/17/07 pm*



**CORPORATION SERVICE COMPANY®**

## Notice of Service of Process

TWS / ALL
Transmittal Number: 5339146
Date Processed: 09/14/2007

| | |
|---|---|
| Primary Contact: | Mr. Scott Heine<br>The Gap Legal Department<br>2 Folsom Street<br>Floor 13th<br>San Francisco, CA 94105 |
| Copy of transmittal only provided to: | Ms. Lisa Mertens<br>Ms. Marie Ma |

| | |
|---|---|
| Entity: | Banana Republic, Inc.<br>Entity ID Number 1725626 |
| Entity Served: | Banana Republic, Inc. |
| Title of Action: | Alicia Hopper vs. Banana Republic, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court: | Supreme Court Bronx, New York |
| Case Number: | 20033/07 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 09/14/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | New York Department of State on 09/12/2007 |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Derek T. Smith<br>212-587-0760 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
  BANANA REPUBLIC, INC.                               HOPPER, ALICIA


  C/O CORPORATION SERVICE COMPANY
  80 STATE STREET
  ALBANY,  NY 12207


  Dear Sir/Madam:
  Enclosed herewith is a legal document which was served upon the Secretary of
  State on 09/12/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
   This copy is being transmitted pursuant to such statute to the address
  provided for such purpose.


                                              Very truly yours,
                                         Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------X

ALICIA HOPPER,

                            Plaintiff,

                -against-

BANANA REPUBLIC, LLC,
BANANA REPUBLIC, INC.,
And THE GAP, INC.

                            Defendants.

------------------------------------------------X

Index #: 20003107
Date purchased: 8/28/07

Plaintiff designates:
BRONX County as the
place of trial

**SUMMONS**

The basis of the venue is
Plaintiff's residence
at 2363 Valentine Avenue
Bronx, NY 10458

To the above named Defendants

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        August 17, 2007

                            AKIN & SMITH, LLC
                            Attorneys for Plaintiff(s)

                            By: Derek T. Smith, Esq.
                            305 Broadway, Suite 1101
                            New York, New York 10007
                            (212) 587-0760

Defendants' Addresses:

BANANA REPUBLIC, LLC
- VIA SECRETARY OF STATE -

BANANA REPUBLIC, INC.
- VIA SECRETARY OF STATE -

THE GAP, INC.
- VIA SECRETARY OF STATE -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------X

ALICIA HOPPER,

        Plaintiff,

        v.

BANANA REPUBLIC, LLC,
BANANA REPUBLIC, INC.,
And THE GAP, INC.,

        Defendants,

------------------------------------------------------X

Index #: 300383/07

**COMPLAINT**

Plaintiff Demands a Jury

Plaintiff ALICIA HOPPER, by attorneys, AKIN & SMITH, LLC, upon information and belief, complains of defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed, assaulted and battered by Defendant's employee.

## PARTIES

2. Plaintiff is a resident of the State of New York.

3. That at all times relevant, defendant BANANA REPUBLIC, LLC,., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times relevant, defendant BANANA REPUBLIC, LLC,, was and still is a foreign corporation that does business in the state of New York.

5. That at all times relevant, defendant BANANA REPUBLIC, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times relevant, defendant BANANA REPUBLIC, INC., was and still is a foreign corporation that does business in the state of New York.

7. That at all times relevant, defendant THE GAP, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times relevant, defendant THE GAP, INC., was and still is a foreign corporation that does business in the state of New York.

9. That at all times relevant mentioned, Defendant BANANA REPUBLIC, LLC owned the premises located at 2360 Broadway New York, NY 10024

10. That at all times relevant mentioned, Defendant BANANA REPUBLIC, LLC operated a clothing store at 2360 Broadway New York, NY 10024

11. That at all times relevant mentioned, Defendant BANANA REPUBLIC, LLC maintained the above store located at 2360 Broadway New York, NY 10024

12. That at all times relevant mentioned, Defendant BANANA REPUBLIC, LLC controlled the above store located at 2360 Broadway New York, NY 10024

13. That at all times relevant mentioned, Defendant BANANA REPUBLIC, INC. owned the premises located at 2360 Broadway New York, NY 10024

14. That at all times relevant mentioned, Defendant BANANA REPUBLIC, INC. operated a clothing store at 2360 Broadway New York, NY 10024

15. That at all times relevant mentioned, Defendant BANANA REPUBLIC, INC. maintained the above store located at 2360 Broadway New York, NY 10024

16. That at all times relevant mentioned, Defendant BANANA REPUBLIC, INC. controlled the above store located at 2360 Broadway New York, NY 10024.

17. That at all times relevant mentioned, Defendant THE GAP, INC. owned the premises located at 2360 Broadway New York, NY 10024

18. That at all times relevant mentioned, Defendant THE GAP, INC. operated a clothing store at 2360 Broadway New York, NY 10024

19. That at all times relevant mentioned, Defendant THE GAP, INC. maintained the above store located at 2360 Broadway New York, NY 10024

20. That at all times relevant mentioned, Defendant THE GAP, INC. controlled the above store located at 2360 Broadway New York, NY 10024

21. That at all the times hereinafter mentioned, the defendants employed personnel in the course of its business at the premises located at 2360 Broadway New York, NY 10024.

22. That at all times relevant mentioned, KRISTIAN PORTELLA (Hereinafter also referred to as "PORTELLA") was at all times material an agent, servant and/or employee of Defendant BANANA REPUBLIC, INC.

23. That at all times relevant mentioned, KRISTIAN PORTELLA was at all times material an agent, servant and/or employee of Defendant BANANA REPUBLIC, LLC.

24. That at all times relevant mentioned, KRISTIAN PORTELLA was at all times material an agent, servant and/or employee of Defendant THE GAP, INC.

25. On or about July 10, 2007, the plaintiff, ALICIA HOPPER, was at the aforementioned premises.

26. On or about July 10, 2007, the plaintiff, ALICIA HOPPER, was at the aforementioned premises in the course of her employment as an Auditor hired to audit merchandise at the above location.

27. That at all times hereinafter mentioned, the plaintiff, ALICIA HOPPER, was legally at the aforementioned premises.

28. On or about July 10, 2007, Plaintiff was sexually harassed, assaulted and battered by PORTELLA while working in the stock room of defendant BANANA REPUBLIC's retail outlet located at 2360 Broadway New York, NY 10024 as an independent auditor.

29. On or about July 10, 2007 Plaintiff was scanning t-shirts in BANANA REPUBLIC's retail outlet located at 2360 Broadway New York, NY 10024 when Defendant PORTELLA rubbed his groin and body against Plaintiff's buttocks and entire body while claiming to be putting t-shirts on a shelf located above Plaintiff.

30. Despite Plaintiff's numerous protests and complaints, PORTELLA continued to rub his groin against plaintiff's buttocks while she was working.

31. Plaintiff complained to PORTELLA as well as Defendants' employee "Miss Mary" about PORTELLA's vulgar conduct and offensive behavior.

32. Plaintiff told "Ms. Mary": "He [Portella] keeps rubbing on my ass."

33. Defendants' employee "Miss Mary" witnessed the above events with PORTELLA.

34. On another occasion, Plaintiff felt "something poking [her] in her behind" and turned to see PORTELLA behind her with an erection through his pants.

35. After this last occasion, Plaintiff began to cry hysterically and immediately reported the incident to Defendants' supervisors, Walter Woodson and Nate Hammond.

36. Defendant's actions and conduct were intentional and intended to harm the Plaintiff.

37. As a result of defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, suffering, distress, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. That the defendants, their agent(s), servant(s) and employee(s), acting as such on behalf of defendants and within the scope of their employment, intentionally, willfully assaulted and battered the plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a sexual act which threatened such contact to the plaintiff, and that act(s) caused apprehension of such contact in the plaintiff, and defendants, in a an offensive manner touched, without her consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such batter in and about her back, body and buttocks.

40. That the defendants were careless and reckless in hiring and retaining as and for its employee, agent and/or servant the defendant PORTELLA; in that the said employee PORTELLA lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the employee PORTELLA, who lacked the mental capacity and the ability to function as an employee of the aforementioned defendant; in that aforesaid defendants failed to investigate the background of PORTELLA, in that they hired and retained as employee of their business establishment said individual who lacked the maturity, sensibility and intelligence to be employed by the defendants in that the defendants knew of the lack of ability, experience, deportment and maturity of said defendant employee

when they hired him to be employed; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

41. That the aforesaid occurrence, to wit: sexual harassment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the fault and negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

42. Defendants engaged in extreme and outrageous conduct.

43. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiffs.

44. There exists a causal connection between the above conduct and said injury.

45. As a result of said conduct Plaintiffs suffered and suffers from severe emotional distress.

46. That by reason of the aforesaid, the plaintiff was subjected to mental and psychological trauma, great indignities, humiliation and ridicule.

47. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and she was rendered sick, and so remains, and she has expended and incurred divers sums of money in an effort to cure herself of said injuries to extricate herself from the indignities and humiliation foisted upon her by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR NEGLIGENCE UNDER STATE LAW

48. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49. That the defendants, were careless and reckless in hiring and retaining as and for its employee, the above named individual; in that the said defendants lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employee, PORTELLA, who lacked the mental capacity and the ability to function as an employee of the aforementioned defendants; in that aforesaid defendants failed to investigate the above named defendant's background and in that they hired and retained as employee of their business establishment in that the defendant lacked the maturity, sensibility and intelligence to be employed by the defendants; in that the defendants knew of the lack of ability, experience, deportment and maturity of said defendant employee when they hired him to be employed; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

50. That the aforesaid occurrence, to wit: assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

51. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and she was rendered sick, sore, lame and disabled and so remains, and she was incapacitated from her usual occupation and will, upon information and belief, be so incapacitated in the future,

and she has expended and incurred divers sums of money in an effort to cure herself of said injuries to extricate herself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

52. As a direct and proximate result of Defendants' negligence, Plaintiff has been and will continue to suffer from severe emotional distress, pain, suffering and inconvenience.

53. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered a loss of enjoyment of life

54. WHEREFORE, Plaintiff demands judgment against Defendants in an amount that exceeds the jurisdictional requirements of this Court, plus interest and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender.

58. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

    "For any person to aid, abet, incite compel or coerce the doing of any acts

    forbidden under this article, or attempt to do so."

61. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY
## ADMINISTRATIVE CODE

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or

employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender, national origin and citizenship.

65. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY
## ADMINISTRATIVE CODE

66. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

"For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

68. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY
## ADMINISTRATIVE CODE

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint.

70. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent

or independent contractor. Provides

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    (1) the employee or agent exercised managerial or supervisory responsibility; or

    (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

71. Defendants violated the above section as set forth herein.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

72. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

73. Defendant breached a duty owed directly to the plaintiff that either endangered plaintiff's

physical safety or caused plaintiff to fear for her own safety.

74. As a result of said conduct Plaintiff suffered and suffers from severe emotional distress. That as a direct result of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## INJURY AND DAMAGES

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

B. As Defendants' conduct has been willful, outrageous, malicious, Plaintiff also demands punitive damages against Defendants;

C. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

D. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices and negligence.

Dated:    New York, NY
          August 17, 2007

                                    **AKIN & SMITH, LLC**

                    By:

                                    Derek T. Smith (DTS/1747)
                                    Attorneys for Plaintiff
                                    305 Broadway Suite 1101
                                    New York, NY 10007
                                    (212) 587-0760

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------X

ALICIA HOPPER,                                        Index #:

      Plaintiff,

      v.

BANANA REPUBLIC, LLC,
BANANA REPUBLIC, INC.,
And THE GAP, INC.,

      Defendants,
---------------------------------------------X


**COMPLAINT**


**AKIN & SMITH, LLC**
Attorneys for Plaintiff
305 Broadway
Suite 1101
New York, NY 10007
(212) 587-0760

02 1A
0004374734
MAILED FROM ZIP

**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
41 STATE STREET
ALBANY, NY 12231-0001

DOS-1243 (1/96)

80 STATE STREET
ALBANY, NY 12207

Dear Sir/Madam:
Enclosed herewith

Sender:

New York State Department of State
41 State Street
Albany, NY 12231

**Receipt # 200709120173**

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ( ☐ Addressee or ☐ Agent)
X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (if Different From Address Used by Sender.)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

City                    State    ZIP + 4 Code

CERTIFIED MAIL



7111 5495 5563 1575 3614

**RETURN RECEIPT REQUESTED**

Article Addressed To:

BANANA REPUBLIC, INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ALICIA HOPPER,

                     Plaintiff,

     -   against -

BANANA REPUBLIC, LLC,
BANANA REPUBLIC, INC., and
THE GAP, INC.,

                    Defendants.

-----------------------------------------------------------x



No: **07 CIV 8526**

**RULE 7.1 STATEMENT**



OCT 0 2 2007

U.S.D.C. S.D.N.Y.
CASHIERS

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for Defendants

Banana Republic, LLC, Banana Republic, Inc., and The Gap, Inc. (collectively, "The Gap")

(private non-governmental parties) hereby certify that Banana Republic, LLC is a wholly-owned

subsidiary of The Gap, Inc. and Banana Republic, Inc. was dissolved on January 31, 2001.  No

publicly traded company owns 10 percent or more of The Gap Inc.'s stock.

Dated: October 2, 2007

Respectfully submitted,

SEYFARTH SHAW LLP

By:

Robert S. Whitman (RW 1140)
Jeremi L. Chylinski (JC 3196)

620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendants Banana Republic, LLC, Banana
Republic, Inc., and The Gap, Inc.