



Writer's direct phone
(212) 218-5629

Writer's e-mail
rwhitman@seyfarth.com

October 23, 2007

**By Hand**



The Honorable William H. Pauley, III
United States District Court
 for the Southern District of New York
Room 2210, Courtroom 11D
500 Pearl Street
New York, New York 10007

    Re:    Hopper v. Banana Republic LLC, et al.,
            No. 07 CV 8526 (WHP) (THK)

Dear Judge Pauley:

    We represent Defendants Banana Republic, LLC, Banana Republic, Inc., and The Gap, Inc. (collectively, "The Gap") in the above-captioned action. Pursuant to Section 3.A of Your Honor's Individual Practices, we respectfully request a pre-motion conference with respect to a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's claims in part, or in the alternative for summary judgment.

    In her Complaint, plaintiff Alicia Hopper ("Plaintiff") claims that she was discriminated against in violation of the New York State Human Rights Law ("NYSHRL") and the New York City Administrative Code (the "NYCHRL") when a Banana Republic employee allegedly rubbed against her during the course of an inventory of the store's merchandise. Plaintiff also asserts claims for negligent hiring and retention and negligent infliction of emotional distress arising from this alleged conduct. For the Court's convenience, a copy of the Complaint is attached.

    The grounds for The Gap's anticipated motion are as follows.

    Plaintiff's Second and Fourth Causes of Action, which allege discrimination under the NYSHRL and NYCHRL, respectively, must be dismissed because Plaintiff was not an "employee" of The Gap. Rather, Plaintiff worked as an independent contractor under the auspices of RGIS, LLC ("RGIS"), a third-party company that supplied inventory services to The Gap. Because neither statute's prohibitions apply to independent contractors, Plaintiff's claims are barred as a matter of law. *See Kilkenny v. Greenberg Traurig, LLP.*, 05-CV-6578, 2006 U.S. Dist. LEXIS 23399 at *12

**SEYFARTH**
ATTORNEYS **SHAW** LLP

The Honorable William H. Pauley, III
October 23, 2007
Page 2

(S.D.N.Y. April 26, 2006) (*citing Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000)).

     Similarly, Plaintiff's Third and Fifth Causes of Action allege that The Gap violated the State and City statutes by "aiding, abetting, inciting, compelling and coercing" the alleged discriminatory conduct of the Banana Republic employee. These claims must be dismissed because Plaintiff cannot establish a claim for aiding and abetting in the absence of a valid underlying discrimination claim. *See Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 314, 786 N.Y.S.2d 382, 397 (2004).

     Plaintiff's First and Seventh Causes of Action, alleging negligent hiring or retention and negligent infliction of emotional distress, are also barred as a matter of law. In order to establish those claims, Plaintiff must show, *inter alia*, that she suffered a physical injury caused by the alleged behavior and that The Gap's conduct unreasonably endangered her physical safety, respectively. *Kirkman by Kirkman v. Astoria Gen. Hosp.*, 204 A.D.2d 401, 611 N.Y.S.2d 615 (N.Y. App. Div. 1994); *Hart v. Child's Nursing Home Co.*, 298 A.D.2d 721, 723, 749 N.Y.S.2d 297 (3d Dept. 2002). Even under a liberal pleading standard, the Complaint does not allow for any reasonable inference that Plaintiff suffered such an injury or that her physical safety was unreasonably endangered. Plaintiff's boilerplate allegations to that effect (Complaint ¶¶ 51, 73) do not suffice. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citations omitted). Consequently, Plaintiff's First and Seventh Causes of Action should be dismissed.

     Accordingly, The Gap respectfully requests that the Court grant permission to file a motion to dismiss or for summary judgment.

Respectfully submitted,

SEYFARTH SHAW

*/s/ Robert Whitman*

Robert S. Whitman (RW-1140)

cc: Derek T. Smith, Esq. (by fax)

*Application granted.*

**SO ORDERED:**

*/s/ William H. Pauley III*
WILLIAM H. PAULEY III U.S.D.J.

10/31/07

The Defendants' request to file a motion will be addressed at the pre-trial conference on November 9, 2007 at 9:30 a.m.