UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALICIA HOPPER,

                                                                    07-CIV 8526(WHP)(THK)

        Plaintiff,

  -against-

BANANA REPUBLIC, LLC,
BANANA REPUBLIC, INC, and
THE GAP, INC,
-------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Plaintiff Alicia Hopper (hereinafter "plaintiff", by and through her attorneys Akin & Smith LLC, respectfully submits this memorandum of law in opposition to the defendants Banana Republic LLC, Banana Republic INC, and The Gap Inc (hereinafter "defendants") motion to dismiss the clams asserted by plaintiff pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure

**PRELIMINARY STATEMENT**

Defendant's motion to dismiss plaintiff's case with regards to the plaintiff's first and seventh causes of action should be denied since it is premature as explained below.

**STATEMENT OF FACTS**

On or about July 10, 2007, the plaintiff was at the defendants' premises commonly known as 2360 Broadway, New York as an auditor hired to audit merchandize. On the above said date, plaintiff was sexually harassed, assaulted and battered by the defendants' employee, Kristian Portella (hereinafter "Portella"). More

specifically, on June 10, 2007, Portella rubbed his penis (through his pants) and body against plaintiff's buttocks while claiming to be putting t-shirts on a shelf above Plaintiff. At the time plaintiff was scanning t-shirts at the abovesaid retail outlet. Despite plaintiff's numerous protests, Portella continued rubbing his penis against plaintiff's buttocks while she was working. Plaintiff complained to Portella as well as her co-employee "Miss Mary" about Portella's vulgar and offensive behavior. Plaintiff told "Ms Mary", "He [Portella] keeps rubbing on my ass." On one occasion, plaintiff felt "something poking [her] in the behind" and turned to see Portella behind her with an erection through his pants. After the last occasion, plaintiff began cry hysterically and immediately reported the incident to Defendant's supervisors, Walter Woodson and Nate Hammond. By the reason of the aforesaid, the plaintiff was injured in mind and body and still suffers great mental pain and she was rendered sick.

## **LEGAL STANDARD FOR MOTION TO DISMISS UNDER FED R. CIV. P. 12(b)(6)**

The legal standard for motions to dismiss under Federal Rules of Civil Procedure 12(b)(6) is defined in *MTV Networks, a division of Viacom International, Inc, v. Adam Curry* 867 F. Supp, 202 SDNY Oct. 28, 1994 as follows

> "In the course of resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court reads the complaint generously, accepting the truth of, and drawing all reasonable inferences from, the well-pleaded factual

allegations. *Brass v. American Film Technologies, Inc*., 987 F.2d 142,150 (2d Cir. 1993); accord *California Motor Transp. Co. v. TruckingUnlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972);*Allen v. Westpoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991);*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992); *Frasier v. General Elec. Co*., 930 F.2d 1004, 1007 (2d Cir.1991). When determining the sufficiency of plaintiff['s] claim for Rule12(b)(6) purposes, consideration is limited to the factual allegationsin ... [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[ ]had knowledge and

relied on in bringing suit. Brass, 987 F.2d at 150(citing Cortec, 949 F.2d at 47-48)………
The Court will only dismiss a complaint for failure to state a claim when the Court finds beyond a doubt that plaintiff "can prove no set of facts" to support the claim that plaintiff is entitled to relief. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2L.Ed.2d 80 (1957).  The standards for dismissing claims under Rule 12(b)(6) are identical to the standards for dismissing counterclaims. Schatt v. Curtis Management Group, Inc., 764 F.Supp. 902, 915 (S.D.N.Y. 1991)………………………..
 Where, as here, the parties have submitted material outside the pleadings, the Court **<u>must either exclude those materials from consideration, or convert the motion to one for summary judgment.</u>** Fed. R. Civ. P. 12(c). See generally 5A C. Wright & A. Miller, Federal Practice and Procedure 1366 (1969 & Supp. 1986). The Court, in its discretion, has chosen to exclude these

> materials, and Plaintiff's motion is considered one for dismissal for failure to state a claim".

Federal Rules Civil Procedure Rule 12(c) reads as follows **(c) Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56".

In this case, defendants' exhibits, which include a copy of the contract, should not be considered as a part of the pleadings and it should be either excluded or the Court should convert the defendants' motion into a summary judgment motion. In the event the Court chooses to accept the contract into evidence for the purposes of entertaining defendants' motion then it should be noted that said contract was not authenticated due to the fact that it was not notarized and/or no affidavit from an individual, who has personal knowledge of the contract provided an affidavit. Therefore, the Court should not be admitting the contract into evidence.

**LEGAL STANDARD FOR SUMMARY JUDGEMENT MOTION**

Summary judgment pursuant to <u>Federal Rule of Civil Procedure 56</u> is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and

one party's entitlement to judgment as a matter of law. *See* Viola v. Philips Med. Sys. of N. Am., 42 F.3d 712, 716 (2d Cir.1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. Chertkova v. Conn. Gen'l Life Ins. Co., 92 F.3d 81, 86 (2d Cir.1996) (citing Fed.R.Civ.P. 56(c)). To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir.1996). The non-movant must present more than a "scintilla of evidence," Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 178 (2d Cir.1990) (quoting Anderson, 477 U.S. at 252, 106 S.Ct. 2505), or "some metaphysical doubt as to the material facts," Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir.1993) (quoting ***658*** Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir.1996) (internal citations omitted). The district court considering a summary judgment motion must also be "mindful of the

underlying standards and burdens of proof," *Pickett v. RTS Helicopter,* 128 F.3d 925, 928 (5th Cir.1997) (citing *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505), because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions. *Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d Cir.1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *Id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.' " *Brady,* 863 F.2d at 211 (citing *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348).

### PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD NOT BE DISMISSED

It is the well-settled law that in instances where an employer cannot be held vicariously liable for its employee's torts, the employer can still be held liable under theories of negligent hiring, retention and negligent supervision. *Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 AD2d 159 (2nd 1997)*. However, a necessary element of causes of action for negligent hiring, retention and supervision is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury." *Kenneth R.*, *supra*, at 160; *see also Gomez v. City of New York*, 304 AD2d 374 (1st Dept. 2003); *Oliva v. City of New York*, 297 AD2d 789 (1st Dept. 2002).

It is important to note that, defendants' motion to dismiss/summary judgment motion is premature due to the fact that no discovery has been done in this case. In order to establish her case with regards to the negligent hiring, retention and supervision claims, all parties have to proceed with the discovery. **At the very least, the following issues must be determined: <u>1) Whether the defendants conducted a background check for the subject employee and whether they had or should have had reason to know of his deviant sexual propensities; 2) Whether defendants were aware of other such incidents with the subject employee thus putting them on notice as well. Depositions and document discovery is crucial to vetting out these issues.</u>**

Inter Alia, Plaintiff is alleging negligent hiring, retention, and supervision.

Moreover, a claim for negligent retention can be made in addition to or instead of a negligent hiring claim. In some circumstances, a negligent hiring claim is not viable, but a negligent retention claim is. For example, in <u>Kenneth R. v. Roman Catholic Diocese</u>, a priest ordained in Venezuela who had been transferred to New York pleaded guilty to sexually abusing minors in the diocese. Since the priest had arrived with a letter of reference from his Venezuelan bishop, the court found that the New York diocese could not be held liable for negligent hiring. However, when the diocese failed to act once it learned of molestation complaints against the priest, the victims had a viable claim for negligent retention. The elements of negligent-retention and negligent-hiring cases are essentially the same. An employer may be liable for its "negligence in retaining

a dangerous employee who the employer knew or should have known was dangerous and likely to harm" third parties.

The law in both negligent-retention and negligent supervision cases recognize that an employer's duty does not end when a job candidate is hired An employer may be held liable for negligent supervision if it knows or should know of an employee's unfitness and fails to take further actions such as "investigating, discharge or reassignment.

Many of the courts that recognize a negligent supervision cause of action have expressly adopted Restatement (Second) of Torts [section] 317, which states that an employer must exercise "reasonable care" with an employee who is acting outside the scope of employment "as to prevent him from intentionally harming others or so conducting himself as to create an unreasonable risk of bodily harm to them," if: the employee is in the workplace or any place he or she is privileged to enter only as an employee, or is using the property of the employer; and the employer knows or has reason to know that it has the ability to control the employee and "should know of the necessity and opportunity for exercising such control." Plaintiffs seeking compensation for negligent supervision must prove that their injuries were caused by the employment of the dangerous employee.

As clearly mentioned above, the defendants motion to dismiss/summary judgment motion is premature and it should be denied.

In *Shannon v. General Elec. Co.* 812 F.Supp. 308 N.D.N.Y., 1993. January 28, 1993, the Court ruled as follows denying the defendants' summary judgment motion "reviewing these assertions and contentions by both the plaintiff and the defendants, the court takes particular notice of the plaintiff's challenge to this motion on the ground that

it was premature since **there has been absolutely no discovery in this case.** *See* Plaintiff's Memorandum of Law at 11 ( *citing National Life Ins. Co. v. Solomon,* 529 F.2d 59 (2d Cir.1975); *Jarrell v. United States Postal Serv.,* 753 F.2d 1088, 1092 (D.C.Cir.1985).* In support of the plaintiff's challenge on this basis, the plaintiff has provided this court with a list of those items of discovery, which he contends are needed for this litigation in general and are needed to respond more thoroughly to the defendants' motion in particular. Since, this discovery is still outstanding the plaintiff contends that summary judgment is premature. ( *citing Hudson River Sloop Clearwater v. Dep't of the Navy,* 891 F.2d 414, 422; *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986))."

Furthermore, Federal Rules of Civil Procedure Rule 56(f) reads as follows: "When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:(1) **deny the motion;**(2) **order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or** (3) **issue any other just order.** As it is explained above, in the herein case there is outstanding discovery, which necessitates the denial of the defendants' motion.

The defendants cited ***Perry v. Burger King Corp***. 924 F Supp 548, 553 (S.D.N.Y) to support their allegation that plaintiff has to suffer a significant physical injury in order to maintain a negligent hiring/retention or supervision claims. However, this assertion is misplaced. In *Perry* case, nobody ever touched the plaintiff. He was allegedly prevented from using the restroom due to the fact that he was African-American. As the defense counsels stated in their memorandum of law, *Brown v Bronx*

*Cross County Med. Group*, 834 F. Supp 105, 110 (SDNY 1993) "plaintiff must show assault or professional incompetence on the part of the negligently hired and retained employee resulting in personal injury to the plaintiff".

In this case, plaintiff not only showed assault but also the elements of battery as well as claiming that she suffers from headaches and stomachaches. Plaintiff also indicated in her affidavit that she is no longer as intimate with her husband as she used to be prior to this incident (Exhibit A). Portella's rubbing his penis and body against plaintiff's buttocks while claiming to be putting t-shirts on a shelf above Plaintiff, his numerous attempts to touch, rub plaintiff's buttocks, his trying to poke plaintiff's buttocks with his erected penis for half an hour, should be sufficient grounds to show assault and/or battery on the part of the defendants' employee. **Plaintiff even states in her Affidavit that Defendants' employee Manager just looked on and did not stop or even try to stop Portella.** Plaintiff also alleged in her Complaint that as a result of the aforesaid, she was injured in mind and still suffers great mental pain and she was rendered sick. Attached hereto as "Exhibit A" is a copy of the plaintiff's affidavit, where she indicates that she starting seeing a counselor at sanctuary for families located at Hub Station, Bronx, NY for personal injuries that she claimed she sustained as a result of this incident. As it can be clearly seen in the plaintiff's attached affidavit, plaintiff has been seeing a counselor since August 1, 2007, once a week as a result of the emotional injuries she sustained at the time of this incident. More importantly, she indicates how badly her relationship with her husband was affected as a result of the outrageous conduct of the defendant's employee (Exhibit A). In the event, Court does not satisfied with the extent of the injuries listed in the plaintiff's affidavit or summons and complaint, it is

respectfully requested that the Court dismiss the defendants' motion due to the fact that their motion is premature. As indicated in the plaintiff's affidavit, she is still continuing to receive treatment and it is impossible to underline each and every injury that plaintiff claimed she sustained as a result of this incident prior to the completion of the treatment. Therefore, the Court should deny the defendants' motion in any event.

## DEFENDANTS MOTION BASED ON PLAINTIFF'S SEVENTH CAUSE OF ACTION SHOULD BE DENIED

In, <u>Kennedy v. McKesson Co.</u> 58 N.Y.2d 500, 448 N.E.2d 1332N.Y., 1983, the Court ruled as follows "The more difficult question is whether damages for emotional injury are recoverable. Examination of our decisions involving recovery for emotional harm reveals three distinct lines of cases. The first recognizes that when there is a duty owed by defendant to plaintiff, breach of that duty resulting directly in emotional harm is compensable even though no physical injury occurred. That principle had its beginning in <u>Ferrara v. Galluchio,</u> <u>5 N.Y.2d 16, 176 N.Y.S.2d 996, 152 N.E.2d 249.</u> That was a malpractice action in which plaintiff recovered from defendant, a specialist in X-ray therapy, for radiodermatitis caused by excessive radiation, the sum of $25,000, which included $15,000 for mental anguish arising from cancerphobia induced by a dermatologist's advice to plaintiff……….. We held <u>(at p. 21, 176 N.Y.S.2d 996, 152 N.E.2d 249)</u> that "[f]reedom from mental disturbance is now a protected interest in this State" and that the evidence presented a sufficient guarantee of germaneness to permit the jury to pass upon the claim. It was extended in <u>Battalla v. State of New York,</u> <u>10 N.Y.2d 237, 219 N.Y.S.2d 34, 176 N.E.2d 729</u> [failure properly to lock ski-lift belt], <u>Johnson v. State of New York, 37 N.Y.2d 378, 372 N.Y.S.2d 638, 334 N.E.2d 590,</u>

*supra* [false information that plaintiff's mother had died] and <u>Lando v. State of New York</u>, 39 N.Y.2d 803, 385 N.Y.S.2d 759, 351 N.E.2d 426 [failure for 11 days to recover plaintiff's daughter's body] ) to allow recovery for emotional injury by a plaintiff to whom a direct *505 duty was owed, even though unlike plaintiff Ferrara, plaintiffs Battalla, Johnson and Lando incurred no physical injury. At least under the circumstances of those cases, we held, the sophistication of the medical profession and the likelihood of genuine and serious mental distress arising from the circumstances of the case warranted allowing the jury to weed out spurious claims, though there was no contemporaneous physical harm to provide an index of reliability".

Defendants' allegation that plaintiff failed to prove that her physical safety was endangered has no merit. Portella's rubbing his groin and body against plaintiff's buttocks while claiming to be putting t-shirts on a shelf above (See plaintiff's affidavit) defendant's numerous attempts to touch, rob plaintiff's buttocks, his trying to poke plaintiff's buttock through his erected penis are issues of facts for the jury. It is also important to note that due the fact that no person would consider herself "personally safe" under the above circumstances. Therefore the Court should deny the defendant's motion.

Dated  New York, New York
       December 21, 2007

_____
Ismail S. Sekendiz, Esq.
AKIN & SMITH LLC
305 Broadway Suite: 1101
New York, New York 10007