UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALICIA HOPPER,

                Plaintiff,

      - against -                        07-CIV-8526 (WHP)(THK)

BANANA REPUBLIC, LLC,
BANANA REPUBLIC, INC., and
THE GAP, INC.,

                Defendants.
------------------------------------------------------------x

## REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendants Banana Republic, LLC, Banana Republic, Inc., and The Gap, Inc. (collectively, "The Gap") respectfully submit this Reply Memorandum in further support of their motion to dismiss each of the claims asserted by Plaintiff Alicia Hopper ("Plaintiff" or "Hopper") in her Complaint ("Compl.") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for summary judgment.

## ARGUMENT

### I. HOPPER'S FAILURE TO OPPOSE DEFENDANTS' ARGUMENTS ON CERTAIN CLAIMS SHOULD BE DEEMED AN ABANDONMENT OF SUCH CLAIMS

In her opposition papers, Plaintiff has failed to oppose The Gap's legal arguments with respect to her Second, Third, Fourth, Fifth and Sixth Causes of Action. Plaintiff's failure even to mention these claims in her opposition is an effective concession that the claims should be dismissed. *See, e.g., West 79th Street Corp. v. Congregational Kahl Michas Chinuch*, No. 03

Civ. 8606 (RWS), 2004 WL 2187069, at *4 (S.D.N.Y. Sept. 29, 2004) (plaintiff deemed to have abandoned claim it did not mention in papers submitted in opposition to motion to dismiss) (copy annexed hereto at Tab A); *Atkins v. County of Orange*, 251 F. Supp. 2d 1225, 1230 n.3 (S.D.N.Y. 2003) (plaintiffs' failure to address some claims in their opposition papers enabled court to conclude they abandoned them); *McDonald v. Board of Educ. of City of New York*, No. 01 CIV 1991 (NRB), 2001 WL 840254, at *9 (S.D.N.Y. July 25, 2001) ("[B]ecause plaintiff failed to oppose defendants' motion to dismiss this claim, we presume she has abandoned it. Therefore, it is dismissed.") (copy annexed hereto at Tab B); *see also Anti-Monopoly v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y.) (holding that plaintiff's failure to provide any argument opposing defendant's motion "provides an independent basis for dismissal" and "constitutes abandonment of the issue" in the summary judgment context), *aff'd*, 130 F.3d 1101 (2d Cir. 1997).

Accordingly, Plaintiff's Second, Third, Fourth, Fifth and Sixth Causes of Action should be dismissed with prejudice.[1]

---

[1] Because Plaintiff has abandoned these claims, there is no need for this Court to consider her argument that the RGIS Agreement – which establishes that Plaintiff was an independent contractor, not an employee of The Gap, and therefore outside the protections of the New York State and New York City discrimination statutes – should not be considered. (Plaintiff's Opposition Memorandum of Law at 5) Nonetheless, Plaintiff offers no grounds on which to dispute the content or authenticity of that document, which would be fully appropriate for this Court to consider upon converting The Gap's motion to dismiss into a motion for summary judgment.

## II.  HOPPER'S REMAINING CAUSES OF ACTION SHOULD BE DISMISSED

Plaintiff's opposition papers fare no better with respect to the causes of action she does address. Her remaining claims – in Count 1 for negligent hiring and/or retention, and in Count 7 for negligent infliction of emotional distress – should be dismissed with prejudice as well.

### A.  Plaintiff's Affidavit Should not be Considered

As an initial matter, Hopper's self-serving Affidavit is an inappropriate last-ditch effort to escape dismissal of her remaining claims. In ruling on a motion to dismiss, this Court "cannot consider ... admissions or statements in the parties' memorand[a] of law as factual allegations." *Engler v. Cendant Corp.*, 434 F. Supp. 2d 119, 127 (E.D.N.Y. 2006); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("a party is not entitled to amend its complaint through statements made in motion papers") (citing *Int'l Inv. Trust v. Cornfeld*, 619 F.2d 909, 914 (2d Cir. 1980)); *Lyddy v. Civil Bridgeport Bd. of Educ.*, No. 06 Civ. 1420 (AHN), 2007 U.S. Dist. LEXIS 66920 (D. Conn. Sept. 11, 2007) (factual assertion not alleged in complaint cannot be considered by court on motion to dismiss) (copy annexed hereto at Tab C). Thus, Plaintiff's Affidavit and the portions of her memorandum of law that rely on it should be disregarded by this Court.

Nevertheless, even if Plaintiff's Affidavit were considered, it would be insufficient to stave off dismissal of her remaining claims. The Affidavit does not contain the factual allegations needed to state valid claims for either negligent hiring and/or retention or negligent infliction of emotional distress. As stated in The Gap's initial papers, the former claim requires Plaintiff to allege that she suffered significant physical injury, and the latter claim requires conduct that unreasonably endangered her physical safety. Nothing in the Affidavit supports

3

such allegations. Instead, it states (in conclusory fashion like her Complaint) that Plaintiff "felt extremely humiliated, degraded, victimized and embarrassed and emotionally distressed," "required medical help," is "heaving (*sic*) frequent and severe headaches and stomachaches," and "regularly has flashbacks of the incident, which make [her] feel dizzy." (Affidavit of Alicia Hopper ("Hopper Aff.") ¶¶ 9 – 10) Plaintiff adds that her "physical safety was put in danger," that she is "having difficulty in trusting people," and that she has a general feeling that she is "going to be sexually harassed, assaulted and battered." (*Id.* ¶ 13) She also makes reference to "sleeping problems" and indicates that her relationship with her husband "has been adversely affected due to this incident," noting that she is "no longer intimate" with him as she once was. (*Id.*) Finally, Plaintiff states that she is "receiving therapy once a week … as a result of the emotional injuries" sustained at the time of the alleged incident. (*Id.* ¶ 11)

These averments are insufficient to establish that Plaintiff's circumstances rise to the level of severity required to assert viable claims under either legal theory. Nor does it assert facts that would establish any of the other missing elements of her claims, as discussed in more detail below. Accordingly, the Affidavit does nothing to assist Plaintiff in avoiding dismissal. *See Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (pleader must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible") (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)).

   B.   **Plaintiff's Legal Arguments in Defense of Her Claims are Unpersuasive**

        1.   **Negligent Hiring / Retention**

Claims for negligent hiring or retention typically involve plaintiffs who have suffered *significant physical injury* as a result of the employer's behavior. *See Perry v. Burger King*

4

*Corp.*, 924 F. Supp 548, 553 (S.D.N.Y. 1996). Plaintiff's attempts to distinguish the *Perry* case are nonsensical. In *Perry*, the plaintiff brought suit alleging race discrimination, and, like Hopper, also attempted to bring claims sounding in negligence. The court dismissed the claim for negligent hiring and retention because the plaintiff did not allege a significant physical injury. Thus, The Gap's reliance on *Perry* was fully appropriate, and the case presents further support for the dismissal of Hopper's claim for negligent hiring and retention.

Moreover, recovery on a negligent hiring and retention claim "requires a showing that the employer was on notice of the relevant tortious propensities of the wrongdoing employee." *Gomez v. City of New York*, 304 A.D.2d 374, 374, 758 N.Y.S.2d 298, 299 (1st Dep't 2003); *see also Estevez-Yalcin v. Children's Vill.*, 331 F. Supp. 2d 170, 174 (S.D.N.Y. 2004) (citing *Kenneth R. v. Roman Catholic Diocese*, 229 A.D.2d 159, 160, 654 N.Y.S.2d 791, 793 (2d Dep't 1997)). Hopper does not state or imply in her Complaint (or her Affidavit) that The Gap knew or should have known that her alleged harasser, Kristian Portella ("Portella"), had a propensity for sexual harassment. Nor does she allege that The Gap failed to investigate Portella despite knowledge of facts that would lead a reasonably prudent person to investigate him. *See Kenneth R*, 229 A.D.2d at 163, 654 N.Y.S.2d at 795 ("There is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee"). Accordingly, Hopper's First Cause of Action for negligent hiring and retention must be dismissed.

2.  **Negligent Infliction of Emotional Distress**

As to Plaintiff's Seventh Cause of Action, for negligent infliction of emotional distress, Hopper has failed to cure her pleading deficiencies. As discussed in The Gap's opening papers,

a valid claim for negligent infliction of emotional distress requires a showing that "defendants' conduct unreasonably endangered plaintiffs' physical safety." *Hart v. Child's Nursing Home Co.*, 298 A.D.2d 721, 723, 749 N.Y.S.2d 297, 299 (3d Dep't 2002); *see also Guiles v. Simser*, 9 Misc. 3d 1083, 1084, 804 N.Y.S.2d 904, 905 (Sup. Ct. 2005) ("The elements necessary to recover damages for the negligent infliction of emotional distress include a showing of bodily harm or an endangerment of the plaintiff's physical safety."), *aff'd*, 35 A.D.3d 1054, 826 N.Y.S.2d 484 (3d Dep't 2006). Nothing in the Complaint (or Plaintiff's Affidavit) can plausibly be read to indicate such a showing on these facts.

Indeed, Plaintiff's attempt to bolster her claim actually supports its dismissal. Hopper cites several cases wherein the plaintiff was allowed to recover under a negligent infliction theory, but even if her own allegations were accepted as true, the alleged incident about which she complains does not come close to the level of actionable emotional distress in those cases. For example, in *Battalla v. State*, 10 N.Y.2d 237, 219 N.Y.S.2d 34 (1961), an infant plaintiff was placed in a chair lift by an employee of the State who failed to secure and properly lock the safety belt, causing the infant to become frightened and hysterical and to suffer consequential injuries. In *Johnson v. State*, 37 N.Y.2d 378, 372 N.Y.S.2d 638 (1975), the daughter of a patient in a State hospital was allowed to recover for emotional harm sustained as a result of false information negligently given by the hospital that her mother had died. In *Lando v. State of New York*, 39 N.Y.2d 803, 385 N.Y.S.2d 759 (1976), a patient at a State hospital disappeared and her decomposed body was discovered 11 days later in a wooded area of the hospital grounds. Her father was allowed recovery against the hospital for negligent infliction of emotional distress.

Unlike these cases, Hopper merely alleges that Portella's actions "endangered plaintiff's safety or caused her to fear for her own safety" (Compl. ¶ 73). Nothing in the *facts*

she alleges – as opposed to the rote recitations of the elements of the cause of action – could reasonably lead to the conclusion that her physical safety was ever truly in danger. Thus, Plaintiff's Seventh Cause of Action should be dismissed.

### 3. Plaintiff's Other Arguments Have No Merit

Plaintiff's opposition papers (at 5) suggest that she seeks to assert a claim for negligent supervision. Plaintiff's Complaint makes no mention of such a claim, and although the Court must, on a motion to dismiss, liberally construe a complaint, this does not mean that it must construe a complaint to include a claim that is not pleaded. *See Wright*, 152 F.3d at 178; *Augienello v. Coast-to-Coast Fin Corp.*, No. 02 Civ. 9043, 2003 LEXIS 8770 (2d Cir. 2003) (copy annexed hereto at Tab D). In the absence of any allegation in the Complaint that would provide a factual basis on which such a claim could be asserted, Plaintiff's should not be permitted to assert a cause of action for negligent supervision.

Finally, Plaintiff asks this Court to deny The Gap's motion so that she can obtain discovery. This request has no merit. There is no need for discovery, where, as here, Plaintiff's vague and unsupported Complaint and opposition papers merely confirm that there are no facts that would entitle her to relief. *See Zeising v. Kelly*, 152 F. Supp. 2d 335, 343 (S.D.N.Y. 2001) (motions to dismiss are intended to "avoid[] needless discovery").

## CONCLUSION

For the foregoing reasons, and for the reasons argued in its opening memorandum, The Gap respectfully requests that this Court dismiss the Complaint with prejudice in its entirety.

Dated: January 4, 2008
      New York, New York

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Robert S. Whitman (RW-1140)
Jeremi L. Chylinski (JC-3196)
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500 / Fax (212) 218-5526

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALICIA HOPPER,                              :
                                            :
                    Plaintiff,              :
                                            :   07-CIV-8526 (WHP)(THK)
       - against -                          :
                                            :   E-FILED
BANANA REPUBLIC, LLC,                       :
BANANA REPUBLIC, INC., and                  :
THE GAP, INC.,                              :
                                            :
                    Defendants.             :
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I electronically filed the foregoing Reply Memorandum In Further Support Of Defendants' Motion To Dismiss Or For Summary Judgment with Exhibits A through D thereto, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Derek T. Smith
> Akin & Smith, LLC.
> 305 Broadway, Suite 1101
> New York, New York 10007
> (212) 587-0760
>
> *Attorneys for Plaintiff*

Jeremi L. Chylinski (JC 3196)

NY1 26496806.1