USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ALICIA HOPPER,　　　　　　　　　　　　:

　　　　　Plaintiff,　　　　　　　　　:　　07 Civ. 8526 (WHP)

　　-against-　　　　　　　　　　　　　:　　MEMORANDUM AND ORDER

BANANA REPUBLIC, LLC, et al.,　　　　:

　　　　　Defendants.　　　　　　　　　:
------------------------------------X

WILLIAM H. PAULEY III, District Judge:

　　　　　Plaintiff Alicia Hopper ("Hopper") brings this action against Defendants Banana Republic, LLC, Banana Republic, Inc. and The Gap Inc. asserting that Defendants' employee sexually harassed her. Hopper alleges separate claims for negligent hiring and negligent infliction of emotional distress, four claims of discrimination under the New York State Human Rights Law, ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), and one claim of respondeat superior liability under NYCHRL. Defendants removed the action from the New York state court on diversity grounds, and now move to dismiss the all of the claims pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, Defendants seek summary judgment on Hopper's discrimination claims. For the following reasons, Hopper's negligence and respondeat superior claims are dismissed for failure to state claims, and Defendants' motion for summary judgment dismissing the discrimination claims is granted.

-1-

## BACKGROUND

For the purposes of the Rule 12(b)(6) motion, the Court accepts the following allegations as true. On July 10, 2007, Hopper was "sexually harassed, assaulted and battered" by an employee ("Portella") of Defendants' store at 2360 Broadway (the "Store"). (Complaint dated Aug. 17, 2007 ("Compl.") ¶¶ 26, 28.) Hopper, an "independent auditor" hired by Defendants, was auditing merchandise in the Store's stock room when Portella "rubbed his groin and body against [Hopper's] buttocks." (Compl. ¶ 29.) Portella continued this offensive conduct despite Hopper's protests. (Compl. ¶ 30.) Hopper complained to another employee at the Store about Portella's actions. (Compl. ¶¶ 31-33.)

## DISCUSSION

I. Legal Standard

   A. Motion to Dismiss

On a motion to dismiss, the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). Nonetheless, "[i]n order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)). "[P]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (citations omitted).

B. <u>Summary Judgment</u>

A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991). However, a court may treat a motion to dismiss as a motion for summary judgment and consider matters outside the pleadings if all parties have been given "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "The essential inquiry . . . is whether the non-movant 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.'" <u>Krijn v. Pogue Simone Real Estate Co.</u>, 896 F.2d 687, 689 (2d Cir. 1990) (quoting <u>Nat'l Ass'n of Pharm. Mfrs. v. Ayerst Labs.</u>, 850 F.2d 904, 911 (2d Cir. 1988)). Where a defendant's affidavits are submitted at the same time as its motion, the affidavits are quoted extensively in the defendant's brief, and the motion is entitled "motion to dismiss or, in the alternative, for summary judgment," notice to the plaintiff is inferred. <u>Ayerst Labs</u>, 850 F.2d at 911. A plaintiff who is represented by counsel is particularly ill-suited to claim surprise by the defendant's motion for summary judgment. <u>Ayerst Labs</u>, 850 F.2d at 911.

Defendants submitted simultaneously with their motion an agreement between Hopper's employer, RGIS LLC, and The Gap Inc., under which Hopper performed the auditing services for Defendants. (Declaration of Jeremi L. Chylinski dated Nov. 30, 2007 ("Chylinski Decl.") Ex. A: Inventory Services Agreement dated Feb. 1, 2007 (the "RGIS Agreement").) Defendants titled their motion "Notice of Motion to Dismiss the Complaint, or in the Alternative

for Summary Judgment." (Defendants' Notice of Motion dated Nov. 30, 2007 at 1.) In addition, Hopper has been represented by counsel throughout this litigation. Defendants cite the RGIS Agreement several times in their brief, but only to support the dismissal of the four employment discrimination claims under NYSHRL and NYCHRL. (Defendants' Brief dated Nov. 30, 2007 ("Def. Br.") at 5-6.) Accordingly, Hopper was on notice that Defendants were moving for summary judgment on the four discrimination claims. The Court will treat the Defendants' motion to dismiss the four discrimination claims as one for summary judgment.

II. Negligence Claims

    A. Negligent Hiring and Retaining

"[A] necessary element of [negligent hiring, retention or supervision claims] is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury." Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 A.D.2d 159, (N.Y. App. Div. 1997). The complaint alleges that Portella "lacked the experience, deportment," "ability," "mental capacity," "maturity, sensibility and intelligence" to be employed by Defendants, who "failed to investigate [Portella's] background" before they hired him. (Compl. ¶ 40.) However, the complaint does not allege what that background was, in what way Portella lacked these positive qualities, or how Defendants should have known about his deficiencies. Moreover, the complaint alleges that Defendants both "failed to investigate" Portella's background and yet "knew of [Portella's] lack of ability, experience, deportment and maturity . . . when they hired him." (Compl. ¶ 49.) These two statements are inherently contradictory and therefore implausible. Because the complaint includes only speculative and implausible facts

concerning Portella's propensities and Defendants' knowledge of them, Defendants' motion to dismiss the negligent hiring claim is granted. See Twombly, 127 S. Ct. at 1964-65.

  B. Negligent Infliction of Emotional Distress

A claim for negligent infliction of emotional distress requires that the defendant owe the plaintiff a duty that is "specific to the plaintiff, and not some amorphous, free-floating duty to society." Mortise v. United States, 102 F.3d 693, 693 (2d Cir. 1996). Moreover, such a claim also "must be supported by proof of conduct by a defendant that is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Deak v. Bach Farms, LLC, 34 A.D.3d 1212, 1213 (N.Y. App. Div. 2006). Hopper does not allege Defendants owed Hopper any specific duty. Further, Defendants' failure to properly investigate Portella's background before hiring him is not outrageous in character. Therefore, Hopper's negligent infliction of emotional distress claim is dismissed as well.

III. Respondeat Superior Liability

Under NYCHRL, an employer is liable for the discriminatory acts of its employees if the employer (1) knew about the employee's conduct and failed to take immediate corrective action, or (2) should have known of the employee's conduct and failed to exercise due diligence to prevent it. N.Y.C. Admin. Code § 8-107(13). The complaint alleges that Hopper told an "employee" at the Store, about the harassment. (Compl. ¶¶ 31-32.) However, the complaint fails to assert that the employee was in a position to stop Portella and did not.

Hopper submitted an affidavit stating that "one of the defendant's managers . . . witnessed it. She did not do anything to stop the defendant's employee Portella other that [sic] coming to me and asking, 'if I was okay' after everything was over." (Hopper Aff. ¶ 8.) However, on a motion to dismiss, the Court cannot consider these additional facts. Accordingly, the respondeat superior claim is dismissed.

IV. Employment Discrimination Claims

   A. Discrimination

Hopper claims gender discrimination under NYSHRL (Compl. ¶¶ 55-58), which creates a cause of action for an employer's discriminatory conduct toward its employee. N.Y. Exec. Law § 296(1)(a). "[NYSHRL] cover[s] 'employees,' not independent contractors," as the common law defines those terms. Eisenberg v. Advance Relocation & Storage, Inc. 237 F.3d 111, 113 (2d Cir. 2000). Whether a hire is a common-law employee or independent contractor depends on factors including, inter alia, the hiring party's right to control the work, whether the hiring party provides the hired party's benefits, the duration of the parties' relationship, and how payment is made. Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730 (1989); Eisenberg, 237 F.3d at 113-14. The complaint alleges Hopper was working as an "independent auditor." (Compl. ¶ 28.) According to the RGIS Agreement, "the parties intend that an independent contractor relationship shall be created." (Chylinski Decl. Ex. A at 1.) Hopper's work was "under the sole control of RGIS" and Hopper's wages, benefits and training costs were entirely paid by RGIS. (Chylinski Decl. Ex. A at 1.) The RGIS Agreement was to last for two years.

(Chylinski Decl. Ex. A at 1.) Accordingly, Hopper was an independent contractor, and Defendants' motion for summary judgment on the NYSHRL claim is granted.

Hopper brings another claim of employment discrimination pursuant to NYCHRL. (Compl. ¶¶ 62-65.) NYCHRL also excludes independent contractors from protection. N.Y.C. Admin. Code § 8-107(1). Although NYCHRL makes an exception for independent contractors who are "natural persons employed as independent contractors to carry out work in furtherance of an employer's business enterprise who are not themselves employers," § 8-102(5), this provision does not apply to independent contractors employed by corporations, O'Neill v. Atl. Security Guards, Inc, 250 A.D.2d 493, 493 (N.Y. App. Div. 1998). Hopper worked at the Store through her employment at RGIS LLC. Accordingly, the natural person exception under NYCHRL does not apply, and Hopper's NYCHRL claim is dismissed.

B. Aiding and Abetting

NYSHRL and NYCRL both make it unlawful "[f]or any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6); N.Y.C. Admin. Code § 8-107(6). If summary judgment is granted on a claim, there can be no secondary liability based on that claim. Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 314 (N.Y. 2004) Since summary judgment for Defendants is granted on Hopper's underlying city and state discrimination claims, Defendants' motion for summary judgment is also granted on the aiding and abetting claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment dismissing Hopper's discrimination claims under NYSHRL and NYCHRL is granted. Defendants' motion to dismiss Hopper's negligence claims and respondeat superior claim pursuant to Rule 12(b)(6) is also granted. The Clerk of the Court is directed to mark the case closed.

Dated: February 25, 2008
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Derek T. Smith, Esq.
Akin & Smith, LLC
305 Broadway, Suite 1101
New York, NY 10007
*Counsel for Plaintiff*

Robert S. Whitman, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
*Counsel for Defendants*